IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

In re.

JEFFERY ASHMORE            No. 22-11801-MLB

Debtor.            Adversary Proceeding:

_____

No.:

GARRETT AND MEGAN KLINICH,      PLAINTIFF KLINICH'S COMPLAINT

Plaintiffs            OBJECTING TO DISCHARGEABILITY

v.            OF DEBTOR'S INDEBTEDNESS

           (11 U.S.C. 523 AND 11 U.S.C. 727)

JEFFERY AND ANDREA ASHMORE

 Debtors.

_____

COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY AND OBJECTING TO DEBTOR'S DISCHARGE PURSUANT TO portions of SECTIONS 523 AND 727 OF THE BANKRUPTCY CODE.

Plaintiffs Garrett and Megan Klinich whom are creditors as explained herein, by and through their counsel of record, file this adversary complaint objecting to the discharge of Debtors Jeffery and Andrea Ashmore and the marital community (hereinafter referred to as "Debtors Ashmore") and they respectfully allege as follows:

I. <u>JURISDICTION</u>

1. This adversary proceeding is brought under various sections of 11 U.S.C. section 523 and 11 U.S.C. section 727.

2. This is an adversary proceeding in which the Plaintiffs in this matter are objecting to the Debtor's discharge under Bankruptcy Codes 11 U.S.C. section 523(a)(2)(A), 11 U.S.C. section 523(a)(2)(B), 11 U.S.C. 727(a)(2)(A), (a)(3), (a)(4)(A) and (B), and (7) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

3. On or about November 8, 2022 the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Western District of Washington under cause number 22-11801 MLB.

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA 98020-8402
Telephone: (425) 774-0138

4. This court has jurisdiction under 28 U.S.C. par. 157 and par. 1334, 11 U.S.C. par. 523, and 11 U.S.C. par. 727.

**5.** This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(1) and 28 U.S.C. 157(b)(2)(J)

6. Plaintiffs are a marital community residing in Whatcom County, Washington.

7. Plaintiffs are creditors in Debtor's bankruptcy case.

8. Debtors are-on information and belief-residents of Whatcom County.

## II.   **FACTUAL AND PROCEDURAL BACKGROUND**

2.1   On or about June 1, 2021, the Klinich's signed a contract with Transblue-Mt. Vernon, a company owned and managed by Mr. Ashmore.

2.2   Transblue was to-amongst a variety of other tasks-build a retaining wall on Klinich's property. Once the contract had been executed by the parties, Klinich's were told that work would start within six weeks. Plaintiffs provided a detailed CAD drawing to Transblue showing exactly what they wanted on their property (this drawing was prepared for the Klinich's by a different contractor/designer.)

2.2   About three weeks later, on June 25th, the Klinich's paid Transblue an agreed-upon down payment of $47,453.97.

2.3   Transblue told Klinich's that the project would begin in Mid-July of 2021.

2.4    Instead however, the project did not start at that time. Subsequently, the Klinich's were constantly reminded by Transblue personnel boasting that the company was growing quickly and was obtaining more and more business.

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA  98020-8402
Telephone: (425) 774-0138

2.5     Indeed, by July 16, 2021, the Klinich's were six weeks in and waiting for Transblue to hear from the county regarding whether the permits were needed.

2.6     A week later-on July 21st-the Plaintiffs were told by the City they were okay to build to the property line and that no permit was required. Essentially, work could begin.

2.7     Plaintiffs were also told that Transblue had been getting the sub-contractors to immediately begin work on the retaining the wall.

2.8     Instead nothing happened.

2.9     From July-September 2021 Plaintiffs kept getting the runaround from Defendants. The Klinichs were reaching out constantly to Transblue only to hear back with a "we are swamped" or "we are getting things together." Sometimes the problem was getting subcontractors to come to the site, other times it was the permitting authorities that were appalling given the way they were slowing things down. It was always someone else that causing the project to not make progress.

2.10    Consistently, nothing changed as far as getting a substantive response from Transblue response from Transblue regarding the Klinich's project for more than an entire year. Said differently, nothing was done for more than one year.

2.11    The situation did not improve even at the beginning of 2022. Instead, the situation was the same in January, February and March of that year. Same thing in April, May of 2022. Not one item of work was accomplished-nothing was done on Plaintiffs property.

2.12    For more than one year there were promises, there was complaining about permitting authorities, yet the Klinich's saw nothing. At the same time, the company had $47,000 of the Klinich's money and nothing was happening.

2.13    In the meantime the banter was non-stop: the company was doing great, it was growing non-stop and the personnel were being kept so busy that they were continually delaying doing anything on the Klinich's project.

2.14    The Klinich's finally had had enough. They issued a demand letter to Transblue in June of 2022, served to demand that the whole project be terminated and at that time, the Klinich's demanded all of their money back (because nothing of value had happened. There was no justification whatsoever to hold back as much as one cent particularly when the Klinich's paid

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA  98020-8402
Telephone: (425) 774-0138

Transblue the very large down payment of $47,453.97 to have work started and instead nothing happened for one year.

2.15   There was nothing in the parties' contract that allowed for the withholding of funds when they were clearly incapable of performing. Essentially Defendant was withholding money from Plaintiffs while Transblue accomplished nothing.

2.16   Similarly, there was nothing suggesting that Transblue had a right to simply hunker down and wait-wait through a lengthy-more than one year-holding period and despite demands-money was released to Plaintiffs.

2.17   More recently, Mr. Jeff Ashmore expressly conceded that the money has been appropriated event though no work had been done. He refused to give Plaintiffs the money back.

2.18   The following is a portion of a July 8, 2022 e-mail that Mr. Ashmore sent to the Klinich's:

> **…….I can appreciate your frustration with how the process has gone so far. We are continually working to get your project going. <u>At this point there is no way to refund your deposit the best case is for us to keep working on your behalf.</u>**

2.19 Despite the fact that no work had been accomplished, there was still "no way to refund your deposit….." Making matters worse there was no explanation for the more than one year delay. . . .

2.20 No work had been accomplished, no receipts, no drawings, no pictures of progress being made, no retaining wall, no digging. Nothing, yet apparently no money was left to return to the clients.

2.21 As the court will certainly appreciate, the Klinich's had no choice but to bring this action to determine if there is any way to salvage their money which was essentially stolen from them.

III. Causes of Action

Count 1: Non-dischargeability of debt under sections 523(a)(2)(A) and section 523(a)(2)(B) of the Bankruptcy Code

3.1 Plaintiff incorporates by reference the allegations set forth in paragraphs 1-2.21 of this Complaint as it sets forth at length herein.

3.**2 Bankruptcy Code section 523(a)(2)(A) and (B) which provides, in relevant part, that :**

**(a) A discharge under section 727, 1141, 1228(a), 1228 (b) or 1328(b) of this title does not discharge an individual from any debt-**

**(2) for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by –**

**(A) false pretenses, a false representation or actual fraud other than a statement respecting the debtor's or an insider's financial condition.**

**In addition, Plaintiff is relying on section 523 (a)(2)(B) which relates to statements in writing that are "materially false."**

3.3 On information and believe, Mr. Ashmore was aware that he had taken Plaintiff's money at the outset of the parties' relationship. Yet, by June of 2022 Debtor knew that literally nothing had happened during the next year.

3.4 Then later when Plaintiffs indicated that Mr. Ashmore's company was terminated and that Plaintiffs wanted their money back, Defendant-now for the first time he told Plainitiffs that the money was gone.

3.5 There are many writings that were designed to placate Plaintiffs that meet the 523 (a)(2)(B).

3.6 Hence Plaintiffs are relying on both 523 (a)(2)(A) and 523 (a)(2)(B)

3.7 All or part of the debt owed to the Plaintiffs is nondischargeable as it is a debt for money, property, services, or an extension, renewal, or refinancing of credit that was obtained by false pretenses, a false representation or actual fraud within the meaning of Bankruptcy section 523(a)(2)(A). The fraud relates to the inducement of misrepresenting that debtor's company was a busy vibrant growing company while the truth was the opposite. Yet the Company was taking money from honest upstanding people.

3.8 Based on the foregoing the debtor's discharge should be denied.

Count II: Non-dischargeability of Defendant under sections 727 (a)(4)(A) of the bankruptcy code

3.9 Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 3. 8 of this Complaint as it sets forth at length herein.

3.10 Bankruptcy Code Section 727(a)(3) provides, in relevant part, that: debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition or business

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA 98020-8402
Telephone: (425) 774-0138

transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

Also, note subsection (4) of 11 U.S.C. section 727- (4) where the debtor knowingly and fraudulently, in or in connection with the case--

(A) made a false oath or account. or presented or (B) presented or used a false claim;

Similarly, note subparagraph (5): "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

Here, Defendant kept the Klinich's at bay. He and his other people were constantly telling the Klinich's that work was ongoing that progress was being made even it if looked like things were in a complete bottleneck.

3. In the meantime, he had apparently taken the Klinich's money. And only when he had nowhere to turn did he finally acknowledge that he had taken the Klinich's money and he had no way to repay them.

.

## CONCLUSIONS

WHEREFORE, Plaintiffs ask the court to enter judgment against Debtors Ashmore as stated below:

1. That an order be entered denying the general discharge of Debtor's Ashmores' debts and liabilities pursuant to 11 U.S.C. section 727(a)(3), 727(a)(4)(A) and (B), and/or 11 U.S.C. section 727(a)(5)-(a)(7).

2. Or, in the alternative or in addition, that the court issue an Order finding that Debtor Ashmores obligation to Plaintiff is nondischargeable pursuant to 11 U.S.C. section 523(a)(2)(A) and (B);

3. For judgment in favor of Plaintiff in some amount to be established at hearing.

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA 98020-8402
Telephone: (425) 774-0138

DATED this 10th of February, 2023

                              TRIAD LAW GROUP

By: /s/ Charles M. Greenberg
    Attorney for Defendant, WSBA #17661
    Triad Law Group
    P.O. Box 3472
    Edmonds, WA 98020
    Telephone: (425) 774-0138
    E-mail: cmg@triadlawgroup.com

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA 98020-8402
Telephone: (425) 774-0138

**TRIAD LAW GROUP**
P.O. Boz 3274
Edmonds, WA 98020-8402
Telephone: (425) 774-0138